**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____     Chapter  **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **ILearningEngines Holdings, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **FDBA   ILearningEngines, Inc.**<br>**FDBA   IHealthEngines, Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-5012335** |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**6701 Democracy Boulevard**<br>**Bethesda, MD 20817**<br>Number, Street, City, State & ZIP Code<br><br>**Montgomery**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **www.ilearningengines.com** |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **ILearningEngines Holdings, Inc.**　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
　　**6114**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
　　☐ A plan is being filed with this petition.
　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor **ILearningEngines Holdings, Inc.**    Case number (*if known*) _____
     Name

List all cases. If more than 1, attach a separate list

    Debtor **See Rider 1**    Relationship _____

    District **Delaware**    When _____    Case number, if known _____

---

**11. Why is the case filed in *this district*?**    *Check all that apply:*

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes.    Insurance agency _____
        Contact name _____
        Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

- ☒ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☒ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☒ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☒ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor   **ILearningEngines Holdings, Inc.**          Case number (*if known*)
         Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **December 20, 2024**
              MM / DD / YYYY

X **/s/ Bonnie-Jeanne Gerety**                              **Bonnie-Jeanne Gerety**
  Signature of authorized representative of debtor          Printed name

Title  **Interim Chief Financial Officer**

**18. Signature of attorney**

X **/s/ Ian J. Bambrick**                    Date **December 20, 2024**
  Signature of attorney for debtor                MM / DD / YYYY

**Ian J. Bambrick**
Printed name

**Faegre Drinker Biddle & Reath LLP**
Firm name

**222 Delaware Avenue**
**Suite 1410**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-467-4200**       Email address  **ian.bambrick@faegredrinker.com**

**5455 DE**
Bar number and State

# **RIDER 1**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.  The Debtors will move for joint administration of their cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure under the case number assigned to the chapter 11 case of Debtor ILearningEngines, Inc.

- ILearningEngines Holdings, Inc.
- ILearningEngines, Inc.

# MINUTES OF MEETING
# OF
# THE BOARDS OF DIRECTORS
# OF
# ILEARNINGENGINES, INC.
# &
# ILEARNINGENGINES HOLDINGS, INC.

A meeting (the "Meeting") of the Boards of Directors of iLearningEngines, Inc. and iLearningEngines Holdings, Inc. (together, the "Board"), each a Delaware corporation (together, the "Company"), was held by means of videoconference via Zoom, on December 20, 2024, at 11:00 A.M. EST.

The following directors were present at the Meeting: Harish Chidambaran, Bruce Mehlman, Thomas Olivier, Ian Davis, Michael Moe, and Balakrishnan Arackal.

Also present at the Meeting were Brad Bondi, Nicholas Griepsma, Bonnie-Jeanne Gerety, Chief Financial Officer, and David Samuels, Chief Legal Officer. The meeting was also joined by Ben Stacke, Patrick Corr, and Richard Bernard from Faegre Drinker Biddle & Reath, LLP ("Faegre Drinker").

Director Harish Chidambaran acted as Chairperson of the Meeting; David Samuels acted as Secretary of the Meeting.

The Chairperson called the Meeting to order. Based on the number of directors in attendance at the Meeting and the Company's bylaws, the Chairperson determined that a quorum was present and it was determined that the Meeting could proceed.

**Restructuring Update**

Mr. Olivier provided an update on a potential financing offer the Company received from an unaffiliated entity on December 19, 2024. After providing an overview of the terms of that offer, the directors asked various questions, which Mr. Olivier addressed, and discussion ensued regarding the potential financing and issues related to the same.

Ms. Gerety then provided an update regarding the Company's financial position and current distress. The directors asked various questions, which Ms. Gerety addressed, and discussion ensued regarding the Company's options.

At the conclusion of Ms. Gerety's presentation, the Board discussed the various options at the Company's disposal, which options included commencing chapter 11 or chapter 7 bankruptcy cases before the United States Bankruptcy Court for the District of Delaware as well as various other options. After extensive discussions among the directors and advisors, including thorough questioning by the Board of Faegre Drinker regarding the implications of a chapter 11 filing versus a chapter 7 filing, the Board voted to approve a chapter 11 filing at its earliest opportunity.

Upon motion duly made, the Board then adopted the resolutions, attached hereto as Exhibit A, which were approved by a majority vote of the Board with directors Bruce Mehlman,

Thomas Olivier, Ian Davis, and Michael Moe voting in favor and directors Harish Chidambaran and Balakrishnan Arackal voting against.

      Upon motion duly made and seconded, and thereupon unanimously approved, the Meeting was adjourned at 12:50 P.M. EST.

Signed by:

*David Samuels*
7065FBD20E484EC...

David Samuels
Secretary of the Meeting

## Exhibit A

## Adopted Resolutions

**WHEREAS,** the Boards of Directors of iLearningEngines, Inc. and iLearningEngines Holdings, Inc. (together, the "Board"), each a Delaware corporation (together, the "Company") have reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions;

**WHEREAS**, the Board has surveyed potential restructuring options for the Company, including any potential transactions, and has considered presentations by management as well as legal advisors to the Company (such advisors in such applicable capacities, collectively, the "Advisors") regarding the assets, liabilities, and liquidity situation of the Company, the strategic alternatives available to the Company and the impact of the foregoing on the Company's business, prospects, and enterprise value; and

**WHEREAS**, the Board has reviewed, had the opportunity to consult with, and ask questions of, the management and Advisors, and fully considered each of the strategic alternatives available to the Company, including the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

**NOW, THEREFORE, BE IT:**

### Commencement and Prosecution of Chapter 11 Cases

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that a voluntary petition (the "Petition") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing a case (the "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code for each of iLearningEngines, Inc. and iLearningEngines Holdings, Inc.; and it is further

**RESOLVED**, that the Authorized Officers (as defined below) of the Company, be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Officer may determine; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered in the name of and on behalf of the Company, to execute, acknowledge, deliver, and verify and file any and all schedules, statements of affairs, lists, and other papers and to take any and all related actions that such Authorized Officers may deem necessary or proper in connection with the filing of the Petition and commencement of the Chapter 11 Case; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as any Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such Authorized Officer and by the Company; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Officers, shall be necessary, proper, and desirable to prosecute to a successful completion the Chapter 11 Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure, and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of Faegre Drinker Biddle & Reath LLP ("Faegre Drinker") be, and hereby is, authorized, directed, and empowered to represent the Company as corporate, finance, restructuring, and bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Faegre Drinker; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of such firms.

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i)(a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination.

**General Resolutions**

**RESOLVED**, that the Board hereby adopts any resolution required under the applicable securities laws of any jurisdiction to be adopted in connection with any of the transactions contemplated hereby, if (i) in the opinion of any Authorized Officer, the adoption of such resolution is necessary or advisable, and (ii) the corporate secretary of the Company evidences such adoption by inserting into the minute book of the Company a copy of such resolution, which will thereupon be deemed to have been adopted by the Board with the same force and effect as if specifically presented to a duly called meeting of the Board; and it is further

**RESOLVED**, that the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, and Chief Legal Officer (the "<u>Authorized Officers</u>") are hereby each severally authorized in the name of and on behalf of the Company to perform any and all acts as may be necessary or desirable to execute, file, and deliver all instruments and other documents contemplated by the foregoing resolutions and to take any and all further action that such person or persons may deem necessary or desirable to effectuate any action authorized by these resolutions and otherwise to carry out the purposes and intentions of the foregoing resolutions; and the execution by any such person or persons of any such documents or the performance by any such person or persons of any such act in connection with the foregoing matters shall conclusively establish his or her authority therefor from the Company and the approval and ratification by the Company of the documents so executed and the actions so taken; and it is further

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer in connection with the transactions and other matters contemplated by the foregoing resolutions are hereby ratified, approved, confirmed and accepted in all respects.